UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KIRK BAHAM**                                              **CIVIL ACTION**

**versus**                                                  **NO. 07-4075**

**TERRY TERRELL, WARDEN**                                   **SECTION: "R" (5)**


**REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Kirk Baham, the State's response, and petitioner's rebuttal to that response. (Rec. docs. 1, 9, 11) Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that the petition be **DISMISSED WITH PREJUDICE**.

On June 13, 2001, petitioner, Kirk Baham, a prisoner incarcerated in the Elayn Hunt Correctional Center, St. Gabriel, Louisiana, was found guilty of attempted armed robbery. He was sentenced to a term of twenty-five years imprisonment without the benefit of parole, probation or suspension of sentence. Pursuant

to the State's multiple bill, the trial court conducted a hearing, following which, the court determined petitioner to be a second felony offender, vacated his original sentence and again resentenced him to a term of twenty-five years imprisonment without benefit of parole, probation or suspension of sentence. The Louisiana Fourth Circuit Court of Appeal subsequently affirmed that conviction and sentence. State v. Baham, No. 2002-KA-0201 (La. App. 4th Cir. Aug. 21, 2002). (St. ct. rec., vol. 1 of 4)  On March 21, 2003, the Louisiana Supreme Court denied petitioner's related writ application. State v. Baham, 840 So.2d 547 (La. 2003).

After conclusion of direct review, petitioner filed with the state district court an application for post-conviction relief. In that application, he stated his claims as follows:

> 1). Petitioner contends that inconsistent testimony was exhibited by the Detective during Motion Hearing and Trial Hearing prejudiced Petitioner.
>
> 2). Statements made by Petitioner during interrogation proceeding should not have been admitted into evidence, where an accurate amount of time could not be established relative to interrogational process.
>
> 3). Exculpatory testimonial evidence should have been admitted into evidence.

Application and Memorandum in Support of Application for Post Conviction Relief. (St. ct. rec., vol. 3 of 4)  In denying that application, the state district court inexplicably failed to address those claims and instead addressed a claim petitioner had not raised.[1]

Upon receiving that ruling, petitioner filed a writ application with the Louisiana Fourth Circuit Court of Appeal.  In that application, he stated his claim as follows:  "The District Court rendered an erroneous ruling by denying Petitioner Application For Post Conviction Relief for a claim that was not asserted therein."  Application and Memorandum in Support of Application for Supervisory Writs dated May 19, 2004.  (St. ct. rec., vol. 3 of 4)  The Court of Appeal denied that writ application, holding:  "This Court has reviewed relator's

---

[1] The state district court held:

> This Court now considers the application for post-conviction relief of the above named defendant. Defendant alleges that the grand jury indictment was unconstitutional, and therefore must be granted a new trial.  *State v. Dilosa*, So.2d 2222 (La. 2003).  In *Dilosa*, the Court explained that although the grand jury selection in Orleans Parish is unconstitutional, the defendant must have raised an objection at trial.  *Id.* See the *Contemporaneous Rule* in the Louisiana Code of Criminal Procedure.
> Based on the aforementioned reasons, the defendant's application for post-conviction relief is denied.

Judgment (undated).  (State rec., vol. 4 of 4)

application for post conviction on the merits. Although the Trial Court's reasons were incorrect, the Court did not err in denying the application." State v. Baham, No. 2004-K-0876 (La. App. 4th Cir. June 18, 2004). (St. ct. rec., vol. 3 of 4)

Petitioner then filed with the Louisiana Supreme Court a writ application in which he listed his claims as follows:

> I.
> The Appellate Court violated Petitioner's right to Due Process, in that it did step outside of the supervisory capacity which was applied for.
>
> II.
> The District Court erred in denying Petitioner's Application for Post-Conviction Relief without properly taking into consideration the claims asserted therein.
>
> III.
> This Court should exercise it's [sic] supervisory jurisdiction and order the district court to properly review Petitioner's Application for Post-Conviction Relief.

Application and Memorandum in Support of Application for Writ of Certiorari dated June 28, 2004. (State rec., vol. 4 of 4) In that application, petitioner did *not* ask the Louisiana Supreme Court to review his underlying post-conviction claims; rather, he sought only an order requiring the state district to properly adjudicate those claims. On June 24, 2005, the Louisiana Supreme Court denied petitioner's writ application without assigning reasons. State ex rel. Baham v. State, 904 So.2d 741 (La. 2005).

Petitioner thereafter filed with the state district court a second application for post-conviction relief, this time claiming that he received ineffective assistance of counsel. (St. ct. rec., vol. 3 of 4) The state district court never ruled on that application.

When petitioner failed to receive a ruling, he filed with the Louisiana Fourth Circuit Court of Appeal a petition for a writ of mandamus claiming that he was being denied access to the courts by the failure of the state district court to rule on his post-conviction application. As relief, he requested that the district court be ordered to act on his application. Petition for Writ of Mandamus dated July 25, 2006. (St. ct. rec., vol. 3 of 4) Instead, the Court of Appeal construed the petition as an application for supervisory review and simply denied petitioner's underlying post-conviction claims on the merits. State v. Baham, No. 2006-K-1016 (La. App. 4th Cir. Aug. 23, 2006). (St. ct. rec., vol. 4 of 4)

Dissatisfied with that ruling, petitioner then filed a writ application with the Louisiana Supreme Court. In that application, he argued that the Louisiana Fourth Circuit Court of Appeal erred in assuming jurisdiction over his post-conviction application and denying his claims on the merits. Again, he did *not* ask the Louisiana Supreme Court to review his underlying post-

conviction claims; rather, he asked only that the Court of Appeal be ordered to rule on the petition for a writ of mandamus. Pro Se Application for Needful Writs from the Denial of a Writ of Mandamus dated August 28, 2006. (St. ct. rec., vol. 4 of 4) On June 1, 2007, the Louisiana Supreme Court denied that writ application without assigning reasons. State *ex rel*. Baham v. State, 957 So.2d 169 (La. 2007).

On July 27, 2007, petitioner filed the instant action for federal habeas corpus relief. In his federal application, he claims that he was denied his right of access to the courts with respect to his two state post-conviction applications. The state concedes that petitioner's federal application is timely filed.[2]

The gist of petitioner's claims is that the Louisiana Fourth Circuit Court of Appeal should not have ruled on the merits of his substantive claims but instead should have remanded both his first and second post-conviction applications to the state district court for initial adjudication. However, for several reasons, habeas corpus relief is not warranted in this case.

First, this Court notes that it is not uncommon for the Louisiana Fourth Circuit Court of Appeal, in the interest of judicial economy, simply to consider the underlying merits of post-

---

[2] Rec. doc. 9, p. 5.

conviction claims in instances where the Orleans Parish Criminal District Court failed to issue a ruling. See, e.g., Smith v. Cain, Civil Action No. 07-1504, 2007 WL 2461663, at *1 (E.D. La. Aug. 23, 2007). Petitioner has presented nothing in support of his contention that the Court of Appeal is without authority to take such an action.

Second, whether the Louisiana Fourth Circuit Court of Appeal erred in simply addressing the merits of the underlying claims presents an issue of *state* law. In this case, the Louisiana Supreme Court rejected petitioner's writ applications challenging the Court of Appeal's actions. State *ex rel.* Baham v. State, 904 So.2d 741 (La. 2005); State *ex rel.* Baham v. State, 957 So.2d 169 (La. 2007). It is not appropriate for this Court to secondguess those rulings on state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal *habeas* court to reexamine state-court determinations on state-law questions."); Dickerson v. Guste, 932 F.2d 1142, 1145 (5th Cir. 1991) ("We will not review a state court's interpretation of its own law in a federal habeas corpus proceeding. We do not sit as a 'super' state supreme court in such a proceeding to review errors under state law.") (internal citation and quotation marks omitted). Further, even if the state courts in fact misapplied state law, it would be of no moment in this proceeding. Federal habeas corpus relief may

be granted only to remedy violations of the Constitution and laws of the United States; mere violations of *state* law will not suffice. 28 U.S.C. §2254; Engle v. Isaac, 456 U.S. 107, 119 (1983).

Third, in any event, even if the Court of Appeal's actions in the post-conviction proceedings were improper, that would not affect the validity of petitioner's underlying conviction or sentence and, therefore, would not warrant federal habeas corpus relief. See Duff-Smith v. Collins, 973 F.2d 1175, 1182 (5th Cir. 1992) ("[I]nfirmities in state habeas proceedings do not constitute grounds for federal habeas relief. We look only to the trial and direct appeal.") (footnote omitted); see also Morris v. Cain, 186 F.3d 581, 585 n.6 (5th Cir. 1999) ("[O]ur circuit precedent makes abundantly clear that errors in state postconviction proceedings will not, in and of themselves, entitle a petitioner to federal habeas relief."); Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir. 1995) ("[E]rrors in a state habeas proceeding cannot serve as a basis for setting aside a valid original conviction. An attack on a state habeas proceeding does not entitle a petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself.") (internal quotation marks omitted); Davis v. Cain, Civ. Action No. 07-6389, 2008 WL 5191912, at *6 (E.D. La. Dec. 11,

2008); Campbell v. Cain, Civ. Action No. 06-3983, 2007 WL 2363149, at *2 n.23 (E.D. La. Aug. 15, 2007).

In light of the foregoing, it is clear that the only claims petitioner has asserted in this proceeding are not cognizable. Accordingly, his federal habeas corpus application should be dismissed with prejudice.

Out of an abundance of caution, this Court further notes that, in the response in this proceeding, the State addressed the merits of the claims petitioner presented in his two state post-conviction applications. (Rec. doc. 9) However, for the following reasons, ***those claims are not before this Court and are not considered herein***.

A federal petitioner must specify in his petition all grounds on which he is seeking relief. See Rule 2(c)(1) of the Rules Governing Section 2254 Cases in the United States District Courts; see also Mayle v. Felix, 545 U.S. 644, 655-56 (2005). The only claims petitioner asserted in his petition were the "access to courts" claims. It is neither required nor appropriate for this Court to search through the state court record to glean what other claims could have been, but were not, raised. See Adams v. Armontrout, 897 F.2d 332, 333-34 (8th Cir. 1990); Smith v. Jackson, No. 04-CV-40256, 2006 WL 950269, at *2 (E.D. Mich. Apr. 12, 2006) ("A federal district court is not required to review an issue

merely because it was raised before the state appellate court, where the habeas petitioner fails to list it as a ground for habeas relief or to argue the issue in any supporting memorandum that is attached to the habeas petition. ... The Court is ... not required 'to divine' the issues that petitioner is attempting to raise in his petition."). That petitioner is now asserting only the "access to courts" claims and not seeking federal review of the underlying post-conviction claims is further evidenced by his prayer for relief in which he simply asks "[t]hat this whole matter be remanded back to the District Court *so they may address my claims in a proper manner*." Rec. doc. 1, p. 11 (emphasis added).

Moreover, even if petitioner had sought federal review of the underlying state post-conviction claims, *which he has not*, he could not be granted habeas corpus relief based on those claims because they are not exhausted.

Pursuant to 28 U.S.C. §2254(b)(1)(A), a petitioner normally must first exhaust his remedies in state court before seeking habeas corpus relief from the federal courts. "To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." <u>Wilder v. Cockrell</u>, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest

court in a procedurally proper manner according to state court rules. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

In the instant case, in both of his post-conviction writ applications filed with Louisiana Supreme Court, petitioner asked only that the court rule that the Court of Appeal had inappropriately addressed the substance of his claims in the first instance. He *never* asked the Louisiana Supreme Court to consider and rule on the underlying post-conviction claims themselves. Accordingly, he has not fairly presented those claims to the state's highest court for disposition and, therefore, the claims are unexhausted. See Anderson v. Harless, 459 U.S. 4, 6 ("It is not enough that all the facts necessary to support the federal claim were before the state courts .... [T]he habeas petitioner must have 'fairly presented' to the state courts the 'substance' of his federal habeas corpus claim."); see also Baldwin v. Reese, 541 U.S. 27, 32 (2004) (holding that a claim is not "fairly presented" if the state court "must read beyond a petition or a brief (or a similar document)" to find the claim). Generally, "federal courts lack the power to grant relief on unexhausted claims." Mercadel v. Cain, 179 F.3d 271, 276 (5th Cir. 1999) (emphasis omitted).

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal habeas corpus relief filed by Kirk Baham be **DISMISSED WITH PREJUDICE.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __8__ day of May, 2009.

*[signature: Alma L. Chasez]*
**ALMA L. CHASEZ**
**UNITED STATES MAGISTRATE JUDGE**